UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| ANTHONY CARTER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:09-CR-134-CLC-SKL-1 |
| | ) | | 1:16-CV-105-CLC |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is the United States' motion to deny and dismiss Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 42]. Petitioner filed the petition on April 22, 2016 [Docs. 31, 38, 39, 43].[1] He challenges his enhancement under Section 2K2.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the Guidelines residual provision is equally vague)].[2]

---

[1] On February 11, 2016, this Court appointed Federal Defenders Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing Petitioner's case to determine whether he was entitled to collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). After receiving notice of a conflict of interest, this Court appointed substitute CJA counsel to fulfil FDSET's duties [Docs. 35, 36]. Petitioner filed a pro se petition for relief based on *Johnson* [Doc. 31], and, consistent with the Standing Order, counsel filed a supplement in support of his request for relief [Docs. 38, 39].

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause");

**I.     BACKGROUND**

On July 23, 2009, law enforcement officers found a firearm, ammunition, four grams of cocaine base ("crack"), a box of plastic baggies, and digital scales inside Petitioner's residence [Doc. 15]. Petitioner subsequently pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), which subjected him to a statutory penalty range of up to ten years' imprisonment under 18 U.S.C. § 924(a)(2) [Presentence Investigation Report (PSR) ¶ 67].

Based on two prior Tennessee aggravated assault convictions [*Id.* ¶¶ 33, 38], the United States Probation Office assigned Petitioner an enhanced base offense level under Section 2K2.1(a)(2) of the United States Sentencing Guidelines [*Id.* ¶¶ 16–17]. A four-level enhancement for possessing the firearm in connection with drug-trafficking [*Id.* ¶ 18], and three-level reduction for acceptance of responsibility [*Id.* ¶ 24], yielded a total offense level of twenty-five and an advisory Guideline range of 110 to 120 months' imprisonment [*Id.* ¶ 68]. This Court imposed a 110-month term of imprisonment [Doc. 24]. Petitioner appealed, but the Sixth Circuit

---

or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

affirmed his conviction and sentence on September 7, 2011 [Doc. 29]. He did not seek a writ of certiorari.

The United States Supreme Court decided *Johnson* on June 26, 2015. Less than one year later,on April 22, 2016, Petitioner field the instant request for relief based on that decision [Doc. 31]. CJA counsel filed a supplement in support of *Johnson*-based relief [Docs. 38, 39].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Shortly thereafter,on March 30, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge in light of *Beckles* [Doc. 42]. In response, CJA counsel argues that *Beckles* does not preclude relief because (1) Petitioner's 2001 Class C aggravated assault no longer qualifies as a crime of violence because it is capable of commission without violent physical force; and (2) Petitioner's 2009 Class D aggravated assault no longer qualifies as a crime of violence because the Sixth Circuit held in *McMurray v. United States*, 653 F.3d 367 (2011), that the use-of-physical-force clause requires intentional or knowing conduct [Doc. 43].

## II. TIMELINESS OF SUPPLEMENTED PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case, i.e., he has not established that any illegal action by the government prevented him timely filing the petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of the supplemented petition depends on whether submission of the grounds for relief therein complied with subsections (f)(1) and (f)(3).

## A. Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review via a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). In the alternative, when a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing such petition—ninety days after entry of the intermediate appellate court's judgment. *Id.*; *see also* Supreme Court Rule 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Petitioner's conviction

4

became final for purposes of subsection (f)(1) ninety days after the Sixth Circuit affirmed his conviction and sentence—on December 6, 2011. The window for requesting timely relief under subsection (f)(1) expired one year later—on December 6, 2012, three and a half years before submission of the instant petition for collateral relief [Docs. 31, 38, 39, 43].

To the extent Petitioner relies on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the petition and supplements after December 6, 2012, only his challenge based *Johnson* even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). *McMurray* cannot trigger subsection (f)(3) because it is a Court of Appeals decision and Petitioner did not challenge his reckless aggravated assault conviction within one year of *Begay v. United States*, 553 U.S. 137 (2008).

### B. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct.

2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the original filing and supplements fails to reveal any extraordinary circumstance justifying Petitioner's failure to challenge the status of his prior drug offense under Section 4B1.1(a)(3) within the window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D. Tenn. Jan. 31, 2013) (rejecting request for tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because the *McMurray*-and-*Begay*-based argument and challenge is untimely, it will be dismissed.

### III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

### A. Challenge Based on Vagueness of Guidelines Residual Clause

To the extent Petitioner argues *Johnson* invalidated the Guideline residual clause and that, without that clause, his prior Tennessee convictions for aggravated assault cannot be categorized as crimes of violence, that argument fails because the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* does not alter or affect what constitutes a "crime of violence," it cannot justify relief.

### B. Challenge Based on Guidelines Use-of-Physical-Force Clause

To the extent that Petitioner argues his sentence was improperly enhanced because Tennessee aggravated assault does not categorically require physical force, he is mistaken. For purposes of Section 4B1.2, the phrase "physical force" means violent force—that is, force capable of causing physical pain or injury to another person. *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Force that results in serious bodily injury would necessarily meet that definition. *See United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012) ("We hold that one can knowingly cause serious physical harm to another only by knowingly using force capable of causing physical pain or injury, i.e., violent physical force."). So too would the level of force threatened with the display of a deadly weapon. *See* Tenn. Code Ann. § 39-11-106(5) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the threatened use of physical force[,] . . . capable of causing pain or injury"). As previously discussed, Petitioner

7

cannot challenge the use of his Class D aggravated assault conviction based on its *mens rea* and *McMurray* because that challenge is not based on *Johnson* and, as a result, is not timely under § 2255(f).

## V. REMAINING NON-DISPOSITIVE MOTION

In addition to the motion to dismiss, this Court is in possession of a *pro se* request for an update and a copy of Petitioner's docket sheet. The motion [Doc. 41] will be **DENIED as moot** because the CM/ECF record shows that the Clerk's Office has already sent Petitioner a copy request form and the instant Memorandum Opinion obviates the need for a status update.

## VI. CONCLUSION

For the foregoing reasons, the motion to deny and dismiss [Doc. 42] will be **GRANTED** and supplemented petition [Docs. 31, 38, 39, 43] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's request for a status update and copy of his docket sheet [Doc. 41] will be **DENIED as moot**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**An appropriate order shall enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**